UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF ARIZONA DEPARTMENT OF ECONOMIC SECURITY, et al.,<br><br>    Defendants. | No. 2:19-cv-00758 TLN AC (PS)<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

    The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

////

## I. THE COMPLAINT

The one-page complaint names the State of Arizona Department of Economic Security and Maricopa Medical Center as defendants. ECF No. 1. He asserts that the basis for this court's jurisdiction is "failed to provide doctor statement." Id. He alleges that the State terminated his food stamps benefits and denied "general assistance" without giving a "length of disability." Id. Plaintiff also appears to take issue with an evaluation by a doctor at the Maricopa Medical Center. He requests $6 million in damages. Id.

## II. ANALYSIS

The complaint makes clear that the Eastern District of California is not the proper venue in which to bring this case. The federal venue statute requires that a civil action be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The complaint does not provide addresses for the two named defendants, but it is clear from their names that neither is located in this district, or even in this state. The Arizona Department of Economic Security is clearly located in Arizona, and the undersigned takes judicial notice that the Maricopa Medical Center is located in Phoenix, Arizona. Although it is unclear exactly what events or omissions are alleged to have occurred, the undersigned finds it reasonable to conclude that any benefit denials or terminations by the Department of Economic Security took place in Arizona, and that plaintiff was seen by the doctor at the medical center in Phoenix. Thus, the District of Arizona is the proper venue.

Improper venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Here, defendants have not filed a responsive pleading and the time for

doing so has not run; service of the pleading has not been ordered and no answer is on file.

In cases where venue is improper, the district court "shall dismiss" the action, or if it is "in the interest of justice," transfer the case to any district where it could have been brought. 28 U.S.C. § 1406(a). Given the threadbare nature of the complaint, the undersigned cannot conclude that transfer would be in the interest of justice. See Costlow, 790 F.2d at 1488 ("The statute requires a transfer . . . only in cases where it is in 'the interest of justice.'"). Accordingly, the undersigned recommends that this case be dismissed.

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

Furthermore, IT IS HEREBY RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 17, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE